WHEELER v TUCKER FREIGHT LINES COMPANY, INC

Docket No. 60605. Submitted November 3, 1982, at Grand Rapids.—
Decided April 20, 1983. Leave to appeal denied, 418 Mich 867.

Fredric C. Wheeler was employed as a truck driver by Tucker Freight Lines Co., Inc., for 19 years, until he was disabled due to a back injury which arose from a series of events spanning many years of driving. His injury was not attributable to a single accident. Wheeler and his wife, Norma J. Wheeler, sought payment of personal protection insurance benefits from Tucker, a self-insurer under the no-fault automobile insurance act. Tucker refused to pay the benefits, and the Wheelers filed suit against Tucker in Kent Circuit Court. Wheeler also included in his complaint a count which asserted a claim against Allstate Insurance Company, Mr. Wheeler's personal no-fault carrier. The claim against Allstate was subsequently dismissed by stipulation of the parties. The court, Stuart Hoffius, J., thereafter granted Tucker's motion for summary judgment, finding that, based on the undisputed facts, Mr. Wheeler had not, as a matter of law, suffered accidental bodily injury under the no-fault act. Plaintiffs appeal. *Held:*

Mr. Wheeler's injury fails to qualify as accidental bodily injury under the no-fault act as a matter of law. Payment of personal protection insurance benefits under the act is intended only for injuries sustained in single accidents having temporal and spatial locations. Injuries not attributable to single identifiable events or accidents are excluded.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION — LITERAL CONSTRUCTION.

Literal construction of a statutory provision may be departed from where a literal construction is inconsistent with the policies and purposes of the act as a whole.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 204-208.

[2] 7 Am Jur 2d, Automobile Insurance § 23.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[3] 73 Am Jur 2d, Statutes § 145.

2. INSURANCE — NO-FAULT ACT.
   The purpose of the no-fault automobile insurance act is to provide compensation for injuries attributable to a specific event, *i.e.*, an identifiable accident; injuries which cannot be attributed to single identifiable events or accidents are excluded from coverage under the act (MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*).

3. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.
   Legislative intent must be determined from consideration of all provisions of the enactment in question when a statute is being construed.

*Ward, Schenk & Boncher* (by *Frederick J. Boncher*), for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendants.

Before: MacKENZIE, P.J., and R. M. MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiff Fredric Wheeler was employed as a truck driver by defendant Tucker Freight Lines Co., Inc. (Tucker), from 1962 until 1981. The rigors of truck driving, protracted over 19 years, eventually took their toll on Mr. Wheeler's back, disabling him completely by late 1979. Plaintiffs then sought from Tucker payment of personal protection insurance benefits pursuant to the no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* When Tucker, a qualified self-insurer under the act, declined to pay, plaintiffs instituted this suit. Plaintiffs alleged essentially that Mr. Wheeler had suffered "accidental bodily injury" under MCL 500.3105(4); MSA 24.13105(4) and, therefore, was entitled to personal protection insurance benefits. Subsequently, Tucker moved for summary judgment, GCR 1963, 117.2(3), arguing that, on the undisputed facts, Mr.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Wheeler had not suffered "accidental bodily injury" under the no-fault act as a matter of law. The trial court granted the motion and plaintiffs appeal.

The sole issue on appeal is whether Mr. Wheeler's injury fails to qualify as accidental bodily injury under the no-fault act as a matter of law. The issue may be brought into sharper focus by considering the origin of Mr. Wheeler's disability. It is undisputed that the injury is not the product of a single accident or a series of accidents. Rather, it developed gradually over the course of Mr. Wheeler's employment as a truck driver. As the trial court explained:

"There is no specific accident here involved. It is claimed that a series of injuries from his employment developed and that much of the trouble developed by bouncing up and down as one drives a truck in the normal course of its operation, and in the alighting from the truck during the course of his employment."

Thus, the issue in this case comes down to whether "accidental bodily injury" under the no-fault act excludes an injury not attributable to a single identifiable event or accident.

In order to determine whether a person is entitled to no-fault benefits the "threshold question [is] * * * whether the injury upon which the claim is based is the type of injury which the act is designed to compensate. Focus must be placed upon the injury. The nature of the injury and the circumstances under which it was suffered dictate whether no-fault insurance may operate as a source of recovery for losses flowing from the injury." *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231, 242; 293 NW2d 594 (1980). Among the criteria an injury must satisfy is the one

important for this case. The injury must be "accidental". The statute defines "accidental" as follows:

"Bodily injury is accidental as to a person claiming personal protection insurance benefits unless suffered intentionally by the injured person or caused intentionally by the claimant. Even though a person knows that bodily injury is substantially certain to be caused by his act or omission, he does not cause or suffer injury intentionally if he acts or refrains from acting for the purpose of averting injury to property or to any person including himself." MCL 500.3105(4); MSA 24.13105(4).

Plaintiffs argue that under this definition Mr. Wheeler suffered "accidental" bodily injury. A literal reading of the statutory definition does support plaintiffs' position. Mr. Wheeler neither "suffered intentionally" nor "caused intentionally" the injury to his back. Nevertheless, we may depart from a literal construction of a statutory provision where such a construction is inconsistent with the policies and purposes of the act as a whole. See *Salas v Clements,* 399 Mich 103, 109-110; 247 NW2d 889 (1976). We believe that to construe MCL 500.3105(4); MSA 24.13105(4) literally to embrace Mr. Wheeler's injury would conflict with the underlying purpose of the no-fault act. We, therefore, decline to adopt such an interpretation.

We believe that the purpose of the no-fault insurance act is to provide compensation for injuries attributable to a specific event, that is, to an identifiable "accident". In construing a statute, "legislative intent must be determined from consideration of all provisions of the enactment in question". *Braden v Spencer,* 100 Mich App 523, 530; 299 NW2d 65 (1980). Our review of the no-

fault act has uncovered numerous provisions using the term "accident" or "accidents".[1] More importantly, many provisions of the act contemplate an "accident" as an event having an identifiable spatial and temporal location. Various provisions of the no-fault act assume that the accident occurred at a particular point in time. For example, the act's statute of limitations, MCL 500.3145; MSA 24.13145, states that an action to recover benefits "may not be commenced later than 1 year after the *date of the accident* causing the injury * * *". (Emphasis supplied.) Another section provides benefits for loss of income from work an injured person would have performed "during the first 3 years after the *date of the accident* * * *". MCL 500.3107(b); MSA 24.13107(b). (Emphasis supplied.) See, also, MCL 500.3107a; MSA 24.13107(1). Finally, the act applies to "motor vehicle *accidents occurring on or after* October 1, 1973". MCL 500.3179; MSA 24.13179. (Emphasis supplied.)

Other provisions of the no-fault act assume that the accident took place at a specific spatial location. For example, one section provides for personal protection insurance benefits for "accidental bodily injury suffered in an accident occurring *out of this state,* if the accident occurs *within* the United States, * * * or *in* Canada * * *". MCL 500.3111; MSA 24.13111. (Emphasis supplied.) Another section prohibits payment of property protection insurance benefits for property damage arising from "accidents occurring *outside the state".* MCL 500.3123(2); MSA 24.13123(2). (Emphasis supplied.)

Reading the no-fault act as a whole, we conclude that the Legislature intended to authorize the payment of personal protection insurance benefits

---

[1] In addition to the sections of the act discussed in the text, see MCL 500.3115, 500.3109, 500.3125; MSA 24.13115, 24.13109, 24.13125.

only for an injury sustained in a single accident, having a temporal and spatial location. Accordingly, we hold that "accidental bodily injury" as that phrase is used in the no-fault act is an injury resulting from only such an accident.

Mr. Wheeler's injury arose from a series of events spanning many years of driving and many miles of roadway. It is not attributable to a single accident. We hold, therefore, that, as a matter of law, Mr. Wheeler's injury is not "accidental bodily injury" under the no-fault act. Consequently, the trial court did not err in granting defendant Tucker's motion for summary judgment.

Affirmed. No costs, a significant question of statutory construction being involved.