RANDLES v CARRIERS INSURANCE COMPANY

Docket No. 73279. Submitted May 1, 1984, at Detroit.—Decided August 23, 1984. Leave to appeal denied, 421 Mich 861.

Plaintiff, Eugene M. Randles, was employed in a job which included loading and unloading trucks carrying automobiles. The job required repeated entering and exiting from the automobiles and the vehicles supplied by his employer to enable him to reach and return from automobiles located a substantial distance from the trucks. While so employed, plaintiff's back began to hurt and gradually became worse each time he had to bend to get into or out of the various vehicles. Plaintiff brought an action for recovery of no-fault insurance benefits against Carriers Insurance Company, which insured his employer's vehicles, and Allstate Insurance Company, plaintiff's personal no-fault insurer. The Wayne Circuit Court, Henry J. Szymanski, J., granted summary judgments to both defendants, holding that plaintiff's back injury was not compensable under the no-fault act. Plaintiff appealed. *Held:*

1. The Court of Appeals accepted the plaintiff's claim that at some point the back pain increased so suddenly that it can be said that an injury occurred. Furthermore, that injury, under the no-fault act's definition, was accidental.

2. The injury, however, did not arise out of the use of a motor vehicle as a motor vehicle. The vehicles involved herein were merely the situs for plaintiff's injury. The injury occurred through the repeated use of plaintiff's body in a certain way in the course of his employment and was not an injury from a motor vehicle accident under the no-fault act.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — TYPE OF INJURY.

Eligibility for no-fault automobile insurance benefits depends on whether the injury upon which the claim is based is the type of injury which the act is designed to compensate.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 194, 195, 340, 354.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

2. INSURANCE — NO-FAULT INSURANCE — INJURY ARISING FROM
   MOTOR VEHICLE ACCIDENT.

   A claimant's back injury which resulted from the repeated enter-
   ing into and exiting from automobiles as a part of the claim-
   ant's employment, while accidental in nature, is not an injury
   arising from a motor vehicle accident for purposes of the
   payment of benefits under the no-fault automobile insurance
   act (MCL 500, 3105; MSA 24.13105).

*Sam Serra,* for plaintiff.

*Romain, Donofrio & Kuck, P.C.* (by *Ernst W.
Kuck* and *John C. Brennan),* for Carriers Insur-
ance Company.

*Garan, Lucow, Miller, Lehman, Seward & Coo-
per, P.C.* (by *James L. Borin),* for Allstate Insur-
ance Company.

Before: GRIBBS, P.J., and HOOD and R. D. KUHN,*
JJ.

PER CURIAM. Plaintiff appeals as of right from
summary judgments granted in favor of both de-
fendant insurance companies. The trial judge held
that plaintiff's back injury was not compensable
under the no-fault automobile insurance act.

At the time of the claimed accident, plaintiff was
a yardman for F. J. Boutell Company. His job
responsibilities included loading and unloading
trucks carrying automobiles. He had to drive the
automobiles to and from a large parking lot on his
employer's premises. He rode in vans provided by
his employer in order to reach and return from
vehicles located a substantial distance away from
the trucks.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On April 22, 1980, while getting in and out of these various vehicles, plaintiff's back began to hurt. The pain became worse each time he had to bend in and out of the vehicles he was entering and leaving. This back injury is the injury for which he seeks to recover no-fault benefits.

Defendant Carriers Insurance Company insured the vans in which plaintiff rode to and from new vehicles on the lot. The automobiles themselves were not insured and not required to be. Defendant Allstate Insurance Company was plaintiff's personal no-fault insurer.

Both defendants moved for summary judgment, GCR 1963, 117.2(3), claiming that plaintiff's injury was not covered by the no-fault act. Both motions were granted.

At the motion hearing and on appeal, defendants claim that plaintiff did not incur a single injury to his back, but suffered progressively greater pain which eventually resulted in his alleged injury. In making this argument, defendants rely on the following statements taken from plaintiff's deposition:

"Q. Mr. Randles, I mean, did anything happen while you were at work in April of '80? Did you fall down or were you hurt again?

"A. I did not fall down again, no; just constantly walking, bending over.

"Q. You didn't have any accident, what you would call an accident in April of 1980?

"A. No."

These statements do not clearly support the proposition that no single point in time existed at which an injury occurred. The fact that an injury was not immediately perceptible is not dispositive;

traumatic injuries do not always manifest themselves when first received.[1]

On appeal, plaintiff claims that, although it cannot be identified, a single point in time existed at which the pain in his back increased so suddenly that it can be said that an injury occurred. For purposes of this appeal, we accept this claim as true. We nonetheless affirm the decision of the trial court. For purposes of this appeal, we view this case as one in which the plaintiff injured his back while entering or exiting from a motor vehicle. A no-fault insurer is liable to pay personal protection benefits "for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle". MCL 500.3105(1); MSA 24.13105. Bodily injury is not accidental only if it was intentionally suffered by the injured person or intentionally caused by the person claiming benefits. MCL 500.3105(4); MSA 24.13105(4). Under the statutory definition, the injury to plaintiff was accidental.

We nonetheless find that the injury did not arise out of the use of a motor vehicle *as a motor vehicle.* We agree with the trial court that the motor vehicles in question merely provided the situs for plaintiff's injury.

When the legislative purpose behind the no-fault act is considered, the facts of this case are closely analogous to those of *Wheeler v Tucker Freight Lines Co, Inc,* 125 Mich App 123; 336 NW2d 14 (1983). In *Wheeler,* this Court stated that 19 years of the rigors of truck driving eventually took their toll on the plaintiff's back, "disabling him completely by late 1979". The Supreme Court has

---

[1] Plaintiff's deposition was never filed with the trial court and has not been included in the record on appeal. We are unwilling to place total reliance on isolated phrases in a deposition, where no effort is made to inform the court of the context in which those phrases are use.

stated that eligibility for no-fault benefits depends on "whether the injury upon which the claim is based is the type of injury which the act is designed to compensate". See *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231, 242; 293 NW2d 594 (1980).

In *Wheeler,* this Court noted that the plaintiff's injury was "accidental" under a literal reading of the statutory definition contained in MCL 500.3105(4); MSA 24.13105(4). It held, however, that a literal application of the terms of the statute in that case would conflict with the underlying purpose of the no-fault act. *Wheeler, supra,* p 126. This Court concluded that plaintiff's injuries were not compensable because they were not sustained in a single accident having one temporal and spatial location. Instead, they arose from a series of events spanning many years of driving over many miles of roads. *Wheeler, supra,* p 128.

Plaintiff has attempted to distinguish the present case from *Wheeler, supra.* Although some of the reasoning in *Wheeler* does not apply here, much of it does. Even though plaintiff's injury was not suffered intentionally, it was not the result of a "motor vehicle accident" as that term is commonly understood.

We find the reasoning of the Minnesota Supreme Court in a similar case to be persuasive:

"Galle and Schroedl were both engaged in loading and unloading heavy boxes inside of stationary vehicles. * * * The only issue on appeal is whether plaintiffs' injuries arose out of the 'maintenance or use of a motor vehicle,' the definition of which is set forth in Minn. Stat § 65B.43, subd. 3 (1980):

" ' "Maintenance or use of a motor vehicle" means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, and alighting from it.

*Maintenance or use of a motor vehicle does not include
\* \* \* (2) conduct in the course of loading and unloading
the vehicle unless the conduct occurs while occupying,
entering into or alighting from it.* (emphasis added).'

"'\* \* \* In the present case, all three plaintiffs were
engaged in loading or unloading activities and were
occupying or entering their vehicles at the time they
suffered their injuries. Thus both requirements of
§ 65B.43, subd. 3(2) (1980) have been met.

"We do not believe, however, that all loading and
unloading injuries incurred while occupying, entering
into or alighting from a vehicle are necessarily compen-
sable under the No-Fault Act. The injury must also
arise out of the 'maintenance or use of a motor vehicle
as a vehicle.' Minn. Stat. § 65B.43, subd. 3 (1980). To
hold otherwise would lead to extreme and absurd cover-
age results which we are certain the Legislature never
intended. Would no-fault coverage exist in a situation
where a Brinks security guard standing in the rear of
his truck unloading money is shot by a robber? Would
coverage be extended to an instance where the freight
being unloaded were fireworks and the injury resulted
from an accidental explosion? We do not believe these
are injuries for which the Act is intended to provide
compensation, for there is no causal relationship be-
tween the injury and the use of the vehicle for trans-
portation purposes. *Haagenson v Nat'l Farmers Union
Property & Casualty Co,* 277 NW2d 648, 652 (Minn
1979).

"The Commissioners' Comments to Section 1(a)(6) of
the 1972 Uniform Motor Vehicle Accident Reparations
Act, in discussing the definition of 'maintenance or use
of a motor vehicle' state:

" 'While "use" has a broader meaning than operating
or driving a vehicle, the requirement that use of the
motor vehicle be "as a motor vehicle" qualifies the term
so that both the tort exemption and the availability of
basic reparation benefits are more nearly limited to
activities whose costs should be allocated to motoring as
part of an automobile insurance package.'

"14 Uniform Laws Annotated 55-56 (1980).

"The maintenance or use issue has been discussed in
several cases, but 'each case presenting such a question

must to a great degree, turn on the particular facts presented.' *Associated Independent Dealers, Inc v Mutual Service Ins Cos* 304 Minn 179, 182; 229 NW2d 516, 518 (1975) (footnote omitted). A person injured when he is entering a car intending to become a passenger would be allowed recovery. See *Haagenson v Nat'l Farmers Union Property & Casualty Co,* 277 NW2d 648, 652 (Minn 1979). In contrast, an intoxicated, unconscious person who dies due to exposure when left sitting in a car overnight has not suffered an injury arising from the use of the automobile as a vehicle. See *Engeldinger v State Auto & Casualty Underwriters,* 306 Minn 202; 236 NW2d 596 (1975). Where it is established that the injury or loss 'was a natural and reasonable incident or consequence of the use of the [insured] vehicle,' *Associated Independent Dealers, Inc v Mutual Service Ins Cos,* 304 Minn 179, 182; 229 NW2d 516 (1975) (footnote omitted), a sufficient relationship between the injury and the use of the vehicle for transportation purposes exists to allow recovery.

"* * * While it is true that lifting injuries are not unlikely when the vehicle in question is a delivery truck, it is apparent that the injuries occur not because of the use of the vehicle but because of the nature of plaintiffs' employment. This is not one of those activities 'whose costs should be allocated to motoring as part of an automobile insurance package.' Commissioner's Comments *supra." Galle v Excalibur Ins Co,* 317 NW2d 368, 369-370 (Minn, 1982) (footnote omitted).

We agree with the trial judge that plaintiff's injury, suffered "through accumulated use of his body in a certain way in the course of his employment", was not an injury from a motor vehicle accident under the no-fault act.

Affirmed.