WILLIAMS v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 92968. Submitted June 17, 1987, at Detroit. Decided June 8, 1988.

Plaintiff, Melvin Williams, injured his back while working for Ford Motor Company in November, 1980, and April, 1981. Plaintiff has not worked since May, 1981. In July, 1982, plaintiff's doctor released him for return to Ford with work restrictions on heavy lifting and excessive bending and twisting. Ford did not have a position for plaintiff that fit within the work restrictions. In August, 1982, plaintiff was injured in an automobile accident. Plaintiff then brought the present action in Wayne Circuit Court against defendant, Detroit Automobile Inter-Insurance Exchange, for recovery of personal protection work-loss benefits under the no-fault act. Defendant's motion for summary disposition was granted by the trial court, Henry J. Szymanski, J. Plaintiff's motion for reconsideration was thereafter denied. Plaintiff appealed.

The Court of Appeals *held:*

Summary disposition was properly granted. Because it cannot be said that but for the automobile accident plaintiff would not have lost income from work, he is not entitled to work-loss benefits under the no-fault statute. Plaintiff failed to come forward with some proof to establish the existence of an issue of material fact.

Affirmed.

1. INSURANCE — NO-FAULT.

The purpose of the no-fault act is to provide compensation for injuries attributable to a specific event, i.e., an identifiable accident; injuries which cannot be attributed to a single identifiable event or accident are excluded from coverage under the act (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

REFERENCES

Am Jur 2d, Automobile Insurance §§ 34, 340 *et seq.*

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

2. INSURANCE — NO-FAULT — WORK-LOSS BENEFITS.

No-fault work-loss benefits compensate a person injured in an automobile accident for income that would have been received had the accident not occurred; an injured person is not entitled to work-loss benefits under the no-fault act where it cannot be said that but for the automobile accident he would not have lost income from work (MCL 500.3107[b]; MSA 24.13107[b]).

*Gerald H. Acker, P.C.* (by *Gerald H. Acker*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Linda G. Selbst*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh* and *Martha F. Mothershead*), of Counsel, for defendant.

Before: H. HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff brought an action in Wayne Circuit Court against defendant for recovery of personal injury protection work-loss benefits under Michigan's no-fault statute. MCL 500.3107(b); MSA 24.13107(b). Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). The trial court granted defendant's motion. Plaintiff appeals as of right.

Plaintiff injured his back in November, 1980, while working at Ford Motor Company. He reinjured his back in another fall at work in April, 1981. Plaintiff had a lumbar laminectomy performed to relieve his work-related back injuries. Plaintiff has not worked since May, 1981. In July, 1982, plaintiff's doctor released plaintiff for return to Ford Motor Company with work restrictions on "heavy lifting and excessive bending and twisting." Ford Motor Company did not have a position for plaintiff with the work restrictions.

* Circuit judge, sitting on the Court of Appeals by assignment.

In August, 1982, plaintiff was injured in an automobile accident which is the subject of the present lawsuit. Plaintiff was treated for neck pain on the day of the accident at a hospital and later he sought treatment from his own doctor. In June, 1983, plaintiff again complained of neck pain, which the doctor attributed to a 1968 work injury, not the automobile accident.

At the hearing on defendant's motion for summary disposition, plaintiff introduced into evidence an affidavit claiming that plaintiff had been approved for return to work by Ford Motor Company. The affidavit stated: "In the first week of September, 1982, I received a letter from Ford Motor Company indicating that they had found a placement for me to return to work immediately." Plaintiff then went on to state: "But for the automobile accident I suffered on August 9, 1982, I would have returned to work for Ford Motor Company the first week of September." The purported letter from Ford Motor Company indicating plaintiff's opportunity to return to work was not part of the pleadings and the letter has never been located.

Other evidence suggested that Ford Motor Company would not accept plaintiff back to work with the above-mentioned medical restrictions. Plaintiff's employment records indicated that he was placed in disability retirement by Ford effective February 1, 1983, with instructions that he was not to be reemployed without the approval of the Central Industrial Relations Staff. Plaintiff received workers' compensation benefits for the back injury sustained in the April, 1981, fall at work. As of February 3, 1986, Ford was still paying for medical treatment relating to plaintiff's April, 1981, work-related back injury.

In a handwritten letter dated August 30, 1982,

plaintiff himself indicated that Ford would not return him to work with the work restrictions and also indicated that his employer put him back on medical disability as of July 15, 1982, until January, 1983. Plaintiff's doctor's notes from March 2, 1984, indicated that plaintiff had not been back to work since there was no available restricted job in the company.

Defendant brought a motion for summary disposition under MCR 2.116(C)(10), arguing that on the date of the automobile accident plaintiff was already disabled from working by a prior work-related back injury and that, even if the automobile accident had never occurred, plaintiff's work-related back injury would have prevented his return to work at any time prior to or after the automobile accident. After reviewing the briefs and exhibits and hearing the arguments of the two parties, the trial judge granted defendant's motion. Plaintiff's motion for reconsideration was denied.

The purpose of the no-fault act is to provide compensation for injuries attributable to a specific event, i.e., an identifiable accident. Injuries which cannot be attributed to a single identifiable event or accident are excluded from coverage under the act. *Wheeler v Tucker Freight Lines Co, Inc,* 125 Mich App 123; 336 NW2d 14 (1983), lv den 418 Mich 867 (1983). The relevant part of MCL 500.3107(b); MSA 24.13107(b) states:

> Personal protection insurance benefits are payable for the following:
>
> * * *
>
> (b) Work loss consisting of loss of income from work an injured person *would have performed* during the first 3 years after the date of the accident if he had not been injured . . . .

We conclude that summary disposition was

proper in the present case. The pleadings, affidavits and depositions did not raise any genuine issue of material fact with respect to whether, but for the automobile accident, plaintiff would have returned to work with Ford Motor Company. Plaintiff's disability was the result of a work-related injury. Ford Motor Company would not accept plaintiff back for work because of restrictions placed upon his ability to perform his job by his doctor. Plaintiff was on medical disability leave at the time of the automobile accident. Also, plaintiff's own doctor attributed plaintiff's continued neck pain to a 1968 work injury in which a one-hundred-pound box fell onto plaintiff's head, not to the automobile accident. Because it cannot be said that but for the automobile accident plaintiff would not have lost income from work, he is not entitled to work-loss benefits under the no-fault statute. *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146; 350 NW2d 233 (1984), reh den 419 Mich 1213 (1984).

Plaintiff offered his affidavit in which he claimed he received a letter from Ford Motor Company indicating that he could return to work. Plaintiff never produced a copy of this letter from Ford. Plaintiff failed to come forward with some proof to establish the existence of an issue of material fact. Even giving the benefit of any reasonable doubt to plaintiff, his claim is so deficient that it cannot under any circumstances be supported at trial. Therefore, we affirm the lower court's decision granting summary disposition to defendant.

Affirmed.