# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 3, 2008

136502 & (44)

PHYLLIS SCOTT, as Co-Guardian and
Co-Conservator, DONALD SCOTT as
Co-Guardian, and JOHN PFEFFER as
Co-Conservator of the Estate of Kristen
Krohn, an incapacitated individual,
              Plaintiffs-Appellees,
v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
              Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136502
COA: 276544
Ingham CC: 06-001595-AV
Ingham PC: 05-001295-CZ

On order of the Court, the motion for leave to file a brief amicus curiae is GRANTED. The application for leave to appeal the April 15, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE that portion of the judgment of the Court of Appeals that stated, with respect to the causation test under MCL 500.3105(1), that "almost any causal connection or relationship will do." *Shinabarger v Citizens Mut Ins Co*, 90 Mich App 307, 313-314 (1979), and *Bradley v Auto Inter-Ins Exch*, 130 Mich App 34, 42 (1983). To the extent of that description of the required causal connection, those cases are inconsistent with the other authorities relied on by the Court of Appeals, such as *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 634 (1997), *Thornton v Allstate Ins Co*, 425 Mich 643, 659 (1986), and *Kochoian v Allstate Ins Co*, 168 Mich App 1 (1988). In all other respects, the application for leave to appeal is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

MARKMAN, J. (*concurring*).

Contrary to the dissent, our order does not "alter" Court of Appeals precedent. Even apart from the fact that *Shinabarger v Citizens Mut Ins Co*, 90 Mich App 307 (1979), and *Bradley v Detroit Auto Inter-Ins Exch*, 130 Mich App 34 (1983), are both nonbinding under MCR 7.215(J)(1), these decisions predate both *Thornton v Allstate Ins Co*, 425 Mich 643 (1986), and *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626 (1997). In both *Thornton* and *Putkamer*, this Court adopted only the "incidental,

fortuitous, or but for" language, not the "almost any causal connection will do" language, of the Court of Appeals decisions. It seems clear that if this Court had intended to include the latter language in the test under MCL 500.3105(1), it would have been natural to have done so in either or both *Thornton* and *Putkamer*. We did not. Therefore, the *only* test under which the Court of Appeals was obligated to evaluate this case was the one set forth in *Thornton* and *Putkamer*.

That the two tests could conceivably be construed together, as the dissent suggests, is irrelevant. This Court has an obligation to make certain that the tests under which we evaluate cases are as reasonably clear as possible to the parties and lower courts. We have never adopted the "almost any causal connection" language and cannot permit the Court of Appeals to alter our statements concerning the law with published references to nonbinding precedents that we have never seen fit to adopt and indeed have implicitly rejected. By leaving the "almost any causal connection" language unaddressed, we distort the clear (and I believe correct) rule set forth in *Thornton* and *Putkamer*.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.

CAVANAGH, J., would deny leave to appeal without the further statement found in the majority's order.

KELLY, J. (*dissenting*).

I would grant leave to appeal. This case involves an interlocutory appeal by defendant, State Farm Mutual Automobile Insurance Company, from the probate court's denial of summary disposition. Plaintiff's claim was made under the no-fault insurance act,[1] and the issue on appeal is the level of causation required to support a claim under the act.

Plaintiff was injured in an automobile accident in 1981 that left her impaired and legally incapacitated. Because of skeletal and brain trauma from the accident, she has been unable to lead a normal active life and, as a result, has gained some 80 pounds.[2] This, in turn, has caused her cholesterol to skyrocket, causing hyperlipidemia, and she now requires medication to control it. Defendant State Farm originally paid for plaintiff's medication, but has now terminated her benefits.[3] Plaintiff sued to reinstate the benefits, and when State Farm moved to dismiss her case, the probate court denied

---

[1] MCL 500.3101 *et seq.*

[2] She weighed 120 pounds before the accident.

[3] State Farm's own independent medical examiner acknowledged a causal link between plaintiff's hyperlipidemia and the automobile accident.

the motion. The circuit court denied leave to appeal, and the Court of Appeals affirmed the probate court's decision in a published opinion per curiam.[4]

This Court has now partially vacated the Court of Appeals opinion. In so doing, the majority has overturned a line of Michigan caselaw that has existed and been followed since 1979. It concerns the threshold level of causation plaintiffs must establish to proceed in no-fault cases. Existing law states that evidence establishing "almost any causal connection will do," as the Court of Appeals indicated. The causal connection must also be "more than incidental, fortuitous or but for."

Contrary to the majority's conclusion, the cases cited by the Court of Appeals addressing causation are mutually compatible. As the Court of Appeals held in *Kangas v Aetna Casualty & Surety Co*:[5]

> [W]hile the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which *causal connection is more than incidental, fortuitous or but for*. [Emphasis added.]

Four years later, the Court of Appeals, in *Shinabarger v Citizens Mut Ins Co*,[6] again examined the causation element of no-fault insurance claims:

> The term "arising out of" does not mean proximate cause in the strict legal sense, nor require a finding that the injury was directly and proximately caused by the use of the vehicle . . . . [A]*lmost any causal connection or relationship will do* . . . . [T]he injury need not be the proximate result of "use" in the strict sense, but it cannot be extended to something distinctly remote. Each case turns on its precise individual facts. The question to be answered is whether the injury "originated from", "had its origin in", "grew out of", or "flowed from" the use of the vehicle. [Citations and quotation marks deleted; emphasis added.]

In 1983, in *Bradley v Detroit Auto Inter-Ins Exch*,[7] the Court of Appeals relied on language from *Shinaberger*, stating that "'almost any causal relationship or connection will do.'" However, *Bradley* also quoted the *Kangas* holding that "'there still must be a causal connection between the injury sustained and the ownership, maintenance or

---

[4] *Scott v State Farm Mut Automobile Ins Co*, 278 Mich App 578 (2008).

[5] *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17 (1975).

[6] *Shinabarger v Citizens Mut Ins Co*, 90 Mich App 307, 313-314 (1979).

[7] *Bradley v Detroit Auto Inter-Ins Exch,* 130 Mich App 34, 42 (1983).

use of the automobile and which causal connection is more than incidental, fortuitous or but for.'"[8] Note that *Bradley* used both the *Kangas* and *Shinaberger* standards, indicating they are compatible.

In *Thornton v Allstate Ins Co,* this Court repeated the "incidental, fortuitous, or but for" language of *Kangas*.[9] *Thornton* did not discuss the "almost any causal connection will do" language. Recently, in *Putkamer v Transamerica Ins Corp of America*,[10] this Court affirmed that the casual connection between an injury and the use of the motor vehicle must be more than incidental, fortuitous, or "but for."

The Court of Appeals did not err in relying on these cases to interpret the causal nexus required in a no-fault case involving injury. The precedent makes clear that an injury requires more than a fortuitous, incidental or but-for causal connection, but does not require full proximate causation. Also, as *Bradley* states, "almost any causal connection will do." Nothing suggests that the two standards are in opposition or cannot be applied together. They logically build on one another and stand for the same basic proposition. Taken together, they mean that evidence establishing almost any causal connection will suffice when it is more than merely fortuitous, incidental, or but for. The level of proof could be described as a scintilla of proximate cause. The Court in *Bradley* recognized this when it cited both standards to render its decision, just as the Court of Appeals did in this case.

The Michigan Supreme Court should not alter the precedent concerning this issue without first hearing oral argument and inviting briefing on it. State Farm argues that the sky will fall if the standard used by the Court of Appeals is not revised. Yet, the sky has remained in place under the existing standard for the last 30 years.

Rather than alter this important standard hastily, the Court should grant leave to appeal and make a change, if any, only after due deliberation.

WEAVER, J., joins the statement of KELLY, J.

---

[8] *Id.* at 41-42.

[9] *Thornton v Allstate Ins Co,* 425 Mich 643, 659-660 (1986).

[10] *Putkamer v Transamerica Ins Corp of America,* 454 Mich 626, 634 (1997).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 3, 2008

*Corbin R. Davis*

Clerk

p1125