JANE B. STRANCH, Circuit Judge,
dissenting.
I respectfully dissent because I believe the district court erred in rejecting two of Berry’s proposed jury instructions. One of these instructions came directly from a recent Michigan Supreme Court case while the other accurately reflects Michigan law and was crucial to Berry’s alternative argument that her brain injury was exacerbated by the accident. Accordingly, I would hold Berry is entitled to a new trial at which these instructions should be given.
The Michigan No-Fault Act requires insurers to pay benefits to the insured “for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.” Mich. Comp. Laws § 500.3105(1). The term “arising out of’ is not defined in the statute. Consistent with the statute, the trial court instructed the jury that the plaintiff had the burden of proof to show that her “injuries arose out of the operation of a motor vehicle.” Berry requested the following as part of the causation instruction:
In order to recover no-fault benefits from her insurance company, Plaintiff is not required to establish direct or proximate causation. Almost any causal connection will do. Plaintiff is not required to exclude other possible causes of her problems in order to recover against Defendant.
*441 She also requested the following instruction on apportionment of damages for preexisting injuries, which is a modified version of Mich. Model Civ. Jury Instr. 50.11:
If an injury suffered by Ms. Berry is a combined product of both a preexisting condition and the effects of the automobile accident, it is your duty to determine and award damages caused by the accident alone. You must separate the damages caused by the accident from the condition which was preexisting if it is possible to do so. However, if after careful consideration, you are unable to separate the damages caused by the accident from those which were preexisting, then the entire amount of plaintiffs damages must be assessed against the defendant.
Both instructions were denied. Berry argues that these denials were erroneous and prejudicial because they (1) allowed the insurance company to impose a higher standard of causation (that of a single, sole cause) and (2) prevented the jury from finding that, even if she had a brain hemorrhage just before the accident, the accident exacerbated this preexisting injury. Instead, the jury had to make an “all or nothing” decision that the crash either caused the hemorrhage or it did not.
The majority opinion first rejects Berry’s citation to Scott v. State Farm Mutual Automotive Insurance Co., 278 Mich.App. 578, 751 N.W.2d 51 (2008), vacated in part, 482 Mich. 1074, 758 N.W.2d 249 (2008), aff'd on reh’g, 483 Mich. 1032, 766 N.W.2d 273 (2009):
In Scott, the plaintiff presented testimony showing how the accident contributed to her medical problems. Id. Here, plaintiffs expert was unable to explain how—if the jury believed that the hemorrhage preceded the accident—the accident could have worsened Berry’s hemorrhage.
This is at odds with the record. Berry’s expert testified:
[The hemorrhage] could certainly occur with the type of force that was delivered. It could also certainly be made significantly worse with the significant jostling of the brain due to the force delivered, as well as the concurrent rise in blood pressure due to the accident and her emotional reaction to it.
The expert further testified that a subsequent head injury can have an effect that is “synergistic rather than just additive,” using as an example the fact that an NFL quarterback had been held out of a game after sustaining a head injury in an earlier game. During closing arguments, Berry’s attorney reminded the jury that her expert testified, “the accident caused the intracranial bleed. If it didn’t, it made it worse.” Although it is clear from the record that Berry’s argument and her expert’s testimony was primarily based on the theory that the accident completely caused her injury, it is equally clear that evidence of the alternative theory of exacerbation was also presented to the jury. See Robelin v. Spectrum Health Hosp., 488 Mich. 1000, 791 N.W.2d 466, 469 (2010) (stating that “evidence” includes “expert testimony”); Walk v. Baker Coll. of Auburn Hills, No. 299925, 2011 WL 5555828, at *5 (Mich.Ct.App. Nov.15, 2011) (citing Skinner v. Square D Co., 445 Mich. 153, 516 N.W.2d 475 (1994)) (permitting “alternative theories of causation” if supported by evidence).
The majority opinion cites only one case which actually purports to support its conclusion on this issue, Nowyorkas v. Farm Bureau Mutual Insurance Co., No. 168726, 1996 WL 33681826 (Mich.Ct.App. May 24, 1996). Nowyorkas, which is unpublished and has never been cited by a *442 Michigan state court, itself cites only one case as support for its holding that “an injury which could not be attributed to a single identifiable event was excluded from coverage under the no-fault act.” Id. at *1 (citing Williams v. Detroit Auto. Inter-Ins. Exch., 169 Mich.App. 301, 425 N.W.2d 534 (1988)). Taking another step back to the decision cited in Williams for this proposition, we learn that the term “single identifiable event” is intended to distinguish an injury resulting from an accident from injuries arising “from a series of events spanning many years”—in that case a chronic back injury sustained by nineteen years of truck driving—and does so primarily because the No Fault Act frequently uses the term “accident.” Wheeler v. Tucker Freight Lines Co., Inc., 125 Mich.App. 123, 336 N.W.2d 14, 16 (1983). Williams did not turn on this distinction because, although there was a car accident, the plaintiffs own doctor attributed the claimed injury to an earlier work injury rather than the accident. 425 N.W.2d at 536. Here, as Berry observes, there is a single identifiable event to which the injury (or at least its exacerbation) could be attributed, the car accident, to which Berry’s doctor attributed all or part of the injury.
In their briefs, both parties cited several more recent and relevant cases, including decisions by the Michigan Supreme Court which address these issues. Most beneficially for Berry, the Michigan Supreme Court used language very similar to that of the first proposed jury instruction quoted above when discussing “the causal nexus required in a no-fault case involving injury”:
[Ejvidence establishing almost any causal connection will suffice when it is more than merely fortuitous, incidental, or but for. But it need not be much more; almost any causal connection or relationship will do.
Scott v. State Farm Mut. Auto. Ins. Co., 483 Mich. 1032, 766 N.W.2d 273, 275 (2009) (Kelly, C.J., concurring). This decision vacated the court’s earlier reversal of Scott.[1] It upheld the determination of the Michigan Court of Appeals that there was a question of fact as to whether a plaintiff could recover no-fault insurance coverage for her cholesterol medication under the “somewhat attenuated” theory that a previous car accident a decade earlier caused her high-cholesterol problem by preventing her from exercising and eating properly. Scott, 751 N.W.2d at 56. The court reached this conclusion despite the fact that “a genetic predisposition to [the condition] is apparently present” because “there is no authority that, for purposes of personal protection insurance, a plaintiff must exclude other possible causes.” Id.; see also In re Estate of Favazza, No. 294705, 2011 WL 566830, at *3 (Mich.Ct.App. Feb.17, 2011) (citing Scott for proposition that “[t]he motor vehicle accident need only be one of the causes of the injury, as there may be other independent causes.”). Exacerbation of an existing hemorrhage by hitting one’s head on a windshield is surely less attenuated causation than the alleged cause of injury in Scott.
Under Michigan law, “[i]f an instruction is applicable to the case, accurately states the law, and was requested, the trial court must give it.” Whitman v. City of Burton, 810 N.W.2d 71, 293 Mich.App. 220 (2011) (citing Lewis v. LeGrow, 258 Mich.App. *443 175, 670 N.W.2d 675 (2003)). I believe the first instruction meets these criteria because causation was a significant issue in the case, the language came directly from a published decision which had recently been upheld by the state high court, and it was requested.
As to the second rejected instruction, Mich. Model Civ. Jury Instr. 50.11 allows juries to apportion damages when “an injury suffered by plaintiff is a combined product of both a preexisting [disease/injury/state of heath] and the effects of defendant’s negligent conduct.” If a jury is unable to separate the damages, the entire amount must be assessed against the defendant. A recent unpublished decision held that this “instruction is a negligence instruction that simply does not apply in first party, no-fault insurance litigation.” Chalko v. State Farm Mut. Auto Ins. Co., No. 278215, 2009 WL 2003320, at *3 (Mich.Ct.App. July 9, 2009). However, the court made clear that the plaintiff had requested only an unmodified version of the instruction and “did not in any way preserve the notion that this standard instruction should be modified.” Id. This suggests that a modified instruction to account for the no-fault circumstances, such as Berry’s, might have been proper.
A lengthy dissent in Chalko argued that some type of pre-existing injury instruction was required because “[i]t is clear that first party no-fault insurance does provide for coverage for services that result from a combination of conditions so long as one of those conditions is an auto accident injury.” Id. at *7 (Shapiro, J., dissenting) (citing Morales v. State Farm Mut. Auto. Ins. Co., 279 Mich.App. 720, 761 N.W.2d 454 (2008)).[2] Judge Shapiro observed that “M Civ JI 50.11 is not in the ‘negligence’ section of the model jury instructions, but instead in the ‘damages’ section and so can be readily adapted to non-negligence cases.” Id. at *6. He also noted that, like Berry, the plaintiff offered evidence of a much stronger causal connection than in Scott. Id. at *8. As a result of these concerns, a mere “arising out of’ instruction without an instruction accounting for a “combination” injury constituted reversible error because “it resulted in a failure to ‘adequately and fairly’ present ‘the theories of the parties and the applicable law.’ ” Id. at *7, 9 (quoting Case v. Consumers Power Co., 615 N.W.2d 17, 19 (Mich.2000)); see also Kelmendi v. Citizens Ins. Co. of Am., No. 264019, 2007 WL 419786, at *1 (Mich.Ct.App. Feb.8, 2007) (stating that combination injury instruction, such as Mich. Model Civ. Jury Instr. 50.11, “may have been useful to instruct the jury on how to evaluate [a] plaintiffs claim alleging aggravation of his pre-existing injuries” in a no-fault case).
Under Michigan law, jury instructions “should not omit material issues, defenses, or theories if the evidence supports them.” Whitman, 810 N.W.2d at 87 (quoting Case, 615 N.W.2d at 19). Without the requested modified 50.11 instruction (or the one discussed above), Berry’s alternative theory of exacerbation was entirely omitted from the jury instructions, leaving the jury without any explanation as to what “arising out of’ means. Although this instruction may have related more to damages than causation, it would have nonetheless made clear to the jury that apportioned damages— and thus exacerbation of injury—was a viable option for its verdict. See Chalko, *444 2009 WL 2003320, at *6 (quoting Case, 615 NW.2d at 19) (noting appellate courts review instructions “as a whole”).
For the reasons above, I believe the district court committed reversible error in denying Berry’s proposed jury instructions and I would grant a new trial.

. Allstate relies heavily on the first, vacated Michigan Supreme Court decision without accounting for its reversal. This is improper and undercuts Allstate’s analysis as it is the second supreme court decision, and the reinstated court of appeals opinion, that govern this case.

. In Morales, the court held that the jury was properly allowed to consider whether the plaintiff's preexisting condition became disabling after, or because of, a car accident in a no-fault insurance action. 761 N.W.2d at 465. The court did not consider the adequacy of the jury instructions because the plaintiff prevailed and the defendant assented to the instructions given. Id.